2026R00343/NBB

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Stacey D. Adams |
| | : | |
| v. | : | Magistrate. No. 26-15218 |
| | : | |
| CARLTON FOSTER, a/k/a "CJ" | : | **CRIMINAL COMPLAINT** |

I, Brian Salamone, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Federal Bureau of Investigations, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

*/s/ Brian Salamone*
Special Agent Brian Salamone
Federal Bureau of Investigation

Special Agent Salamone attested to this Affidavit by telephone pursuant to F.R.C.P. 4.1(B)(2)(A) on this 3rd day of September, 2026.

Stacey D. Adams
Hon. Stacey D. Adams
United States Magistrate Judge

**ATTACHMENT A**

**COUNT ONE**
**(Sex Trafficking of a Minor)**

From in or around April 2026 through in or around May 2026, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**CARLTON FOSTER,**
**a/k/a "CJ,"**

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit, by any means, Minor Victim-1, after having had a reasonable opportunity to observe Minor Victim-1, and in knowing and in reckless disregard of the fact that Minor Victim-1 had not attained the age of 18 years and that Minor Victim-1 would be caused to engage in a commercial sex act.

In violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2) and (c).

**COUNT TWO**
**(Production of Child Pornography)**

On or about April 23, 2026, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**CARLTON FOSTER,**
**a/k/a "CJ,"**

did knowingly employ, use, persuade, induce, entice, and coerce any minor, namely, Minor Victim-1, an individual who had not attained the age of 18 years, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing a visual depiction of such conduct, using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction actually was transported and transmitted using any means and facility of interstate and foreign commerce and was in and affecting interstate and foreign commerce and mailed.

In violation of Title 18, United States Code, Section 2251(a).

**COUNT THREE**
**(Possession of Child Pornography)**

On or about April 23, 2026, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**CARLTON FOSTER,**
**a/k/a "CJ,"**

did knowingly possess and knowingly access with intent to view, any book, magazine, periodical, film, videotape, computer disk, and any other material that contained images and videos of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that has been mailed, shipped, and transported using any means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

**ATTACHMENT B**

I, Brian Salamone, am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since 2003. As such, I am involved in the investigation of child pornography and child exploitation offenses in New Jersey. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are relayed herein, they are relayed in substance and part. Because this Complaint is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about May 7, 2026, FBI Newark Human Trafficking Squad received an exigent lead from the National Center for Missing and Exploited Children regarding a missing 16-year-old child ("Minor Victim-1") who appeared in sex advertisements with the location set as North Jersey, New Jersey.

2. Minor Victim-1's information and picture appeared on megapersonals.com ("Mega"), a website known for advertisements for sexual acts.

3. Law enforcement was able to determine that Foster was the subscriber of the phone number that appeared in the advertisements for Minor Victim-1 (the "Suspect Number").

4. Law enforcement obtained location data to locate the missing Minor Victim-1 at a hotel in Newark, New Jersey (the "Hotel").

5. Law enforcement obtained reservation details from the Hotel for Foster and learned that there was a reservation made under his name on May 7, 2026, for one night and listed three adults on the reservation with two beds.

6. At approximately 3:00 p.m. on May 7, 2026, Foster checked into the Hotel and was assigned a room with two beds (the "Room").

7. On that same day, an FBI Online Covert Employee ("OCE") sent a series of text messages to the Suspect Number requesting a "date." Based on my training and experience, a "date" is a reference to a commercial sex act. The user of the Suspect Number purported to be Minor Victim-1, as depicted in the advertisement. In substance and in part, the user of the Suspect Number appearing to be Minor Victim-1, agreed to perform sexual acts for $150 and directed the OCE to meet at the Hotel.

8. At approximately 7:00 p.m., law enforcement arrived at the Hotel and entered the Room.

9. In the Room, law enforcement located Foster, Minor Victim-1, and another individual who was approximately 19 years old ("Individual-1").

10. Minor Victim-1 was lying in bed holding a cellphone when law enforcement was in the Room (the "Suspect Phone"). When law enforcement called the Suspect Number, law enforcement observed the phone in Minor Victim-1's possession began to ring.

11. Law enforcement then conducted separate interviews of the individuals in the Room. Individual-1 informed them that Minor Victim-1 had more dates than they did – up to fifteen a day.

12. Law enforcement seized the Suspect Phone and obtained a search warrant for it on or about May 28, 2026. The Suspect Phone was assigned the Suspect Number, which was subscribed to Foster. The Suspect Phone contained numerous communications, including messages between Foster and Minor Victim-1, that show Foster arranging for Minor Victim-1 to engage in commercial sex work. For example:

a. On or about April 13, 2026, Minor Victim-1 messaged Foster, "they are asking for Incalls[.]"[1] Foster replied, "Crazy I just bump u[.] U have any new pics u want me to post[?]" Minor Victim-1 answered, "Ima take sum later[.] CJ put no incalls[.]" Foster then said, "Ok I took it down[.] It say car n out only[.]"

b. On or about April 14, 2026, Minor Victim-1 messaged Foster, "CJ can u bump my ad[.] CJ bump[.]"

c. On or about April 15, 2026, Minor Victim-1 messaged Foster, "CJ bump me rq I did one date[.]" Foster replied, "U bumped[.]" Minor-Victim then told him, "Ima take sum new pics later[.]" Minor Victim-1 then sent him a photo consistent with Minor Victim-1's appearance. Foster then told Minor Victim-1, "Not going to lie we need another 3 some[. . . .]" Foster also sent a video depicting a Mega advertisement depicting images of Minor Victim-1. He told Minor Victim-1, "Send me a video I want 2 see u playing wit my pussy[.]" Minor Victim-1 asked, "Rn?" and Foster replied, "Yes[.]"[2]

d. On or about April 16, 2026, Foster messaged Minor Victim-1 that, "Cool this for the record she going to jacc it if u saying u choose me as ur pimp. Smh being under us don't have nothing to do with how we get money." Minor Victim-1 replied that, "I bussed one date this whole week I barely been trappin." Foster explained that "[i]t's not

[1] In my training and experience, "incall" means the buyer of the sex act travels directly to the provider's location.
[2] In my training and experience, "Rn" means "right now."

about doing dates cuz U sterdy on the phone. It's our communication. You not bling to this I'm [your] daddy meaning her pimp/cig/man am I ur pi/daddy/cig/man as well as [yours]???" Minor Victim-1 then said, "But then it's like I'm not tryna take u from her." Foster replied, "U not she don't mind another girl on the team if she fully committed. U both will belong to me."

e. On or about April 17, 2026, Minor Victim-1 informed Foster that Minor Victim-1 "made 140[.]" Foster asked, "U tryna do 1 more[?]" Minor Victim-1 answered, "Yeah[.]" Foster then told Minor Victim-1, "Don't want the bread on u come drop off[.]"[3]

13. Foster's Phone also contains child sexual abuse material ("CSAM") of Minor-Victim 1 performing a sex act on Foster:

a. On or about April 23, 2026, there is a video of Minor Victim-1 performing oral sex on a male in a car.

b. The inside of the car is consistent with that of a Nissan Rogue, which is the vehicle that Foster was arrested in on or around June 2, 2026, in Brooklyn, New York.

c. Minor Victim-1 is wearing a headscarf in the video. Minor Victim-1 also took a mirror selfie photograph on or around that same day wearing a headscarf that is visually consistent with the headscarf in the CSAM video.

d. Minor Victim-1's fingernails are also painted in the same pattern in both the CSAM video and the headscarf photograph.

14. At all times relevant to this Criminal Complaint Minor Victim-1 was a minor under the age of 18, having been born in or around May 2009.

[3] In my training and experience, "bread" refers to money that Minor Victim-1 had earned, and Foster was telling Minor Victim-1 to bring him the money they had made through prostitution.